85 F.3d 628
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary F. BACHER; Clark E. Davies; Robert H. Dreger; James
A. Foor; Richard L. Foor; Richard M. Kreps; Harold J.
Lovell; Joseph H. Lyons; Caroline G. Markley; Tony
Minnich; Timothy Morsher; Thomas Sigsworth; Stephen A.
Yonkof, Plaintiffs-Appellants,
v.
CITY OF NORTH RIDGEVILLE; Jeffrey Armbruster; James
McVeigh; Christopher Costin, Defendants-Appellees.
 No. 94-4338.
 United States Court of Appeals, Sixth Circuit.
 May 14, 1996.
 
 Before: SUHRHEINRICH and COLE, Circuit Judges; BELL, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiffs, all former employees of the defendant City of North Ridgeville, Ohio, seek payment of hospital and surgical insurance provided for in a 1977 ordinance, later repealed in January 1994, also by ordinance. Plaintiffs allege denial of procedural and substantive due process violations, as well as breach of contract and state sunshine laws. They appeal from the order of the district court granting summary judgment to defendant City, the mayor, the city treasurer, and auditor of the city; and, denying their motion for summary judgment. For the reasons that follow, we AFFIRM.
 
 I.
 
 2
 On or about April 21, 1977, the City Council of North Ridgeville adopted, and later codified, an agreement between the City and its employees obligating the City to "pay the cost of providing adequate hospital and surgical insurance ... for all retired employees...." Sec. 149.08. On January 19, 1994, defendant Mayor Jeffrey Armbruster introduced an ordinance repealing Ordinance 149.08 and declaring an emergency. Section 2710.93. Plaintiffs all retired prior to the repeal of Ordinance 149.08. They filed this suit shortly after receiving letters from the City informing them that they would no longer receive any benefits from the City of North Ridgeville's Hospitalization Plan.
 
 
 3
 On cross-motions for summary judgment, the district court concluded that because the disputed insurance coverage constitutes an employment benefit and not a tenured interest in the nature of the employment itself, it did not state a constitutionally protected property interest for purposes of due process and 42 U.S.C. § 1983. The court declined to exercise supplemental jurisdiction over the state law claim. This appeal follows.
 
 II.
 
 4
 Summary judgment is appropriate only if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Our review is de novo. Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 800 (6th Cir.1994).
 
 A.
 
 5
 There are two elements of a procedural due process claim: (1) the existence of a constitutionally protected property or liberty interest, and (2) a deprivation of this interest without adequate process. See, e.g., Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538-41 (1985); Mertik v. Blalock, 983 F.2d 1353, 1364 (6th Cir.1993). We will assume without analysis that plaintiffs have a property interest created by the ordinance and contract, see Ramsey v. Board of Educ., 844 F.2d 1268, 1273 (6th Cir.1988) (recognizing that plaintiff had a property right to accumulated sick leave days created by Kentucky statute as well as contract); and turn directly to the second prong of the foregoing test, which is dispositive.
 
 
 6
 Plaintiffs claim that they were denied procedural due process because the letter notifying plaintiffs that their benefits were being terminated arrived after the decision had been made. Thus, they had no meaningful opportunity to object. Our decision in Ramsey is dispositive on this point. In Ramsey, we held that a teacher deprived of accrued sick days by a new school board policy was not entitled to a predeprivation hearing where she could bring suit in state court. The Ramsey court reasoned that pure employment benefits are discrete in nature and may be remedied in full by a postdeprivation contract action when improperly withheld. The court further noted that a predeprivation hearing would have served little purpose because the dispute turned on the proper construction of the terms of employment and not on any fact unique to the plaintiff. Id. at 1272-75. Relying on similar logic, the court in Brown v. Brienen, 722 F.2d 360 (7th Cir.1983), held that the opportunity to bring a state court action was sufficient process where the government employer simply breached its contractual obligation to provide its employees with time off. Id. at 366. Although the benefits at issue here are somewhat different, principle is not. We find no denial of procedural due process.
 
 B.
 
 7
 Plaintiffs' substantive due process claim is governed by our decision in Charles v. Baesler, 910 F.2d 1349 (6th Cir.1990):
 
 
 8
 Most, if not all, state-created contract rights, while assuredly protected by procedural due process, are not protected by substantive due process. The substantive Due Process Clause is not concerned with the garden variety issues of common law contract. Its concerns are far narrower, but at the same time, far more important. Substantive due process "affords only those protections 'so rooted in the traditions and conscience of our people as to be ranked as fundamental....' "
 
 
 9
 State-created rights such as Charles' contractual right to promotion do not rise to the level of "fundamental" interests protected by substantive due process. Routine state-created contractual rights are not "deeply rooted in this Nation's history and tradition," and, although important, are not so vital that "neither liberty nor justice would exist if [they] were sacrificed."
 
 
 10
 Id. at 1353 (internal citations omitted) (holding that plaintiff's claim to right to promotion, which stemmed from the adoption of state statute, did not implicate the substantive due process clause). See also Holthaus v. Board of Educ., 986 F.2d 1044 (6th Cir.1993) (holding that discharge for allegedly improper racial remark did not violate coach's substantive due process rights); Thomson v. Scheid, 977 F.2d 1017, 1020 (6th Cir.1992) (holding that plaintiff did not have entitlement to job or promotion based on substantive due process), cert. denied, 508 U.S. 910 (1993); Sutton v. Cleveland Bd. of Educ., 958 F.2d 1339, 1351 (6th Cir.1992) (holding that claim by public employee for improper discharge cannot be brought under substantive due process even though employment contract provides that employee could only be discharged for just cause). This reasoning likewise applies equally here.
 
 C.
 
 11
 Given our conclusion that there is no procedural or substantive due process violation, we conclude that the lower court did not err in refusing to address plaintiffs' state breach of contract and sunshine laws claims. See 28 U.S.C. § 1367(c)(3).
 
 III.
 
 12
 Although the district court failed to carefully distinguish between the procedural and substantive due process claims, the result reached is correct.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation